IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN JOINES, PLENARY GUARDIAN OF THE PERSON AND THE ESTATE OF SEAN JOINES | : | CIVIL ACTION |
| v. | : | |
| TOWNSHIP OF RIDLEY, ET AL. | : | NO. 04-3430-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J. April 4, 2006

Kathleen Joines brought this action on behalf of her son, Sean Joines, who suffered permanent brain damage when he attempted suicide while detained at the Ridley Township Police Headquarters. The complaint alleges that various police officers and government entities violated Mr. Joines's constitutional rights by failing to prevent the suicide attempt. Before the court is defendants' motion for summary judgment, which will be granted.

On May 7, 2002, a Ridley Township Police Officer, Richard Herron, Jr., arrested Sean Joines for appearing in public under the influence of alcohol or a controlled substance to the degree that he posed a danger to himself or others. Mr. Joines was hostile and verbally combative, and when told to remove his belt and shoelaces before being placed in a cell at the Ridley Township Police Headquarters, he removed his pants as well. When locked in Cell 3 at 9:49 P.M., Mr. Joines wore only boxer shorts and athletic socks. Tragically, within eight minutes, Mr. Joines

managed to make a noose out of his socks and hang himself from bars at the back of his cell.

An officer monitoring prisoners via closed circuit television saw that Mr. Joines was not moving and called other officers to check on the situation. These officers removed Mr. Joines from the noose, administered CPR, and at 9:57 P.M., ordered an emergency medical team to take him to the hospital. Unfortunately, help arrived too late to prevent permanent brain damage due to oxygen deprivation, and Sean Joines now requires 24-hour care. Based on the severity of his brain injury, he was likely hanging for more than four minutes.

Nearly four years before these events, on September 12, 1998, Officer Heron had taken Mr. Joines to Crozer-Chester Hospital for medical treatment after finding him walking along the railroad tracks, drunk and with wounds on his arms. At the time, Mr. Joines told both Officer Herron and the doctors at Crozer-Chester that he had received the wounds while defending himself from an assault. Only after a follow-up investigation by other Township police officers was it determined that the wounds had in fact been self-inflicted. Officer Herron did not connect the two incidents until after Mr. Joines was taken to the hospital on May 7, 2002, when he checked the Township computer records for any prior incident reports involving Mr. Joines. These facts, while undeniably tragic for Mr. Joines and his family, cannot support a finding of liability.

To prevail against Officer Herron, the only individual defendant, plaintiff must establish that Mr. Joines had a particular vulnerability to suicide. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005)(citations omitted). In addition, there must be evidence that Officer Herron knew or should have known of that vulnerability, and that he acted with reckless indifference to it. Id. Absent proof of all three facts, Mr. Joines's suicide would be an intervening cause, breaking the chain of liability for his injuries.

Liability in such circumstances can attach only when there was "a strong likelihood, rather than a mere possibility, that self-inflicted harm [would] occur." Id. at 322(citations omitted). Plaintiff points to a number of factors which allegedly suggest that there was a strong likelihood that Mr. Joines would attempt to harm himself: he was drunk, he may have been under the influence of other drugs, he was only 25 years old, he was hostile in the face of arrest, he posed a "danger to himself and/or others" according to Officer Herron's arrest report, he acted erratically by ripping off his pants, and he had harmed himself in 1998 by cutting his arms. Plaintiff's expert noted a heightened risk of suicide among people who are drunk, young, or have engaged in prior incidents of self-harm, but the expert did not conclude that the presence of these factors suggests a "strong likelihood" of self-harm. Notably, Mr. Joines did not exhibit any hints of suicidal ideation or engage in

bizarre behavior, which the expert identified as other factors giving rise to the "highest risk" of suicide. Compare Woloszyn, 396 F.3d at 322-23 (rejecting plaintiff's contention that remorsefulness and distant demeanor coupled with drug and alcohol use and comments about having failed as a father suggested particular vulnerability to suicide.).

Even assuming plaintiff could show that Mr. Joines posed a substantial suicide risk, there is no evidence that Officer Herron knew of the risk, and I am not prepared to find that he should have known of it. The 1998 incident is not sufficient to have put Officer Herron on notice that Mr. Joines had harmed himself in the past. It took place nearly four years earlier, making it unreasonable to expect Officer Herron to recall it when he arrested Mr. Joines in 2002, and the scarring it left was neither prominent nor clearly indicative of self-harm. Compare Freedman v. City of Allentown, 853 F.2d 1111, 1116 (3d Cir. 1988) (holding that the failure to recognize prominent scarring on the wrists and neck as indicative of self-harm amounted to mere negligence on the part of arresting officers.). Without factoring in Mr. Joines's history of self-harm, no lay person would have easily recognized Mr. Joines as posing an obvious risk of suicide. See Woloszyn, 396 F.3d at 320.

For plaintiff to prevail on her failure to train claims against the Township, Officer Herron, and Police Captain Richard Herron, she must "(1) identify specific training not provided

that could reasonably be expected to prevent the suicide that occurred, and (2) . . . demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to whether the detainees succeed in taking their lives." Colburn v. Upper Darby, 496 F.2d 1017, 1030 (3d Cir. 1991). Plaintiff's expert details additional intake procedures that the Township should have adopted, but while these measures might help to prevent some suicides, the record does not support the contention that they would have caused Mr. Joines to be identified as a suicide risk. In concluding that proper training would have allowed Officer Herron to detect this risk, plaintiff's expert seeks to hold defendants to a higher standard than that imposed by the law of this circuit. See Woloszyn, 396 F.3d at 325. Criticism of the Township's system for monitoring prisoners is similarly off-point, because nothing short of round-the-clock monitoring of intoxicated detainees, which is not required, Colburn, 496 F.2d at 1029, might have allowed officers to interrupt Mr. Joines's suicide attempt in time to prevent his injuries.

There was little or no warning that Mr. Joines would attempt to harm himself while detained on May 7, 2002. There was nothing that should have made Officer Herron aware of any particular vulnerability, and reasonable additional training and

intake procedures would not have prevented his suicide attempt. None of the defendants, therefore, can be held liable for failing to prevent Mr. Joines's injuries.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN JOINES, PLENARY GUARDIAN OF THE PERSON AND THE ESTATE OF SEAN JOINES | : | CIVIL ACTION |
| v. | : | |
| TOWNSHIP OF RIDLEY, ET AL. | : | NO. 04-3430-JF |

ORDER

AND NOW, this 4th day of April, 2006, upon consideration of defendants' Motion for Summary Judgment and all responses thereto and after oral argument on February 6, 2006,

IT IS ORDERED that defendants' motion for Summary Judgment is GRANTED. Judgment is granted IN FAVOR OF defendants: Township of Ridley; Ridley Township Police Department; Captain Richard C. Herron; Commissioner Jack Whalen, Chairman of the Public Safety Committee; Public Safety Committee; Officer Richard Herron, Jr.; Police Officer Stephen Nelling (listed incorrectly in the case caption as Steve Drelling); and Police Officer Harvey Pike, and AGAINST Kathleen Joines, Plenary Guardian of the Person and the Estate of Sean Joines. Claims against John Does 1 through 6, Ridley Township Police Department, are DISMISSED.

The Clerk is directed to mark this case CLOSED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.